## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**PERRY FRANCIS LARTIGUE**                    **CIVIL ACTION NO.**

**VS.**                                       **SECTION**

**UNITED STATES OF AMERICA**                  **JUDGE**
**On behalf of the UNITED STATES**
**ARMY CORPS OF ENGINEERS**                   **MAGISTRATE**

### SEAMAN'S COMPLAINT FOR DAMAGES

Plaintiff, **PERRY FRANCIS LARTIGUE,** (hereinafter referred to as the **PLAINTIFF**), respectfully submits this Complaint and represents as follows:

### PARTIES

1.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333, the Jones Act, 46 U.S.C. § 30104, and the General Maritime Law.

2.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events and circumstances giving rise to the claims stated herein occurred within this District and within the jurisdiction of this Court.

3.

Plaintiff, **PERRY FRANCIS LARTIGUE**, is a person of full age and majority who resides and is domiciled in the State of Louisiana.

4.

Made Defendants herein are the **UNITED STATES OF AMERICA**, on behalf of the **UNITED STATES ARMY CORPS OF ENGINEERS,** (hereinafter "**NACE**").

5.

**NACE,** a government agency doing business in Louisiana, is liable to the **PLAINTIFF** for the Jones Act claims pursuant to 46 U.S.C.A. § 30104 asserted herein.

6.

From 1969 until 2006, **PLAINTIFF** was employed as a Jones Act seaman pursuant to 46 U.S.C.A. § 30104, aboard **NACE** vessels in the state of Louisiana and elsewhere in the United States.   Specifically, **PLAINTIFF** served aboard **NACE** owned and operated seagoing hopper dredge LANGFITT as a Deck Hand, Bin Tender, Quarter Master and Drag Tender from 1969 to 1980. From 1980 to 1985 he served as a Rigger aboard a Pile Driving Barge equipped with a 100 Ton Manitoba Crane. From 1985 to 2006, he served as a vessel captain on numerous **NACE** survey vessels, ranging from 35 feet to 65 feet in length including the M/V BURRWOOD, M/V GRENADA and M/V ALEXANDER.

7.

While working as a Jones Act seaman pursuant to 46 U.S.C.A. § 30104 on multiple vessels owned by **NACE**, **PLAINTIFF** was exposed, on numerous occasions, to benzene, methyl ethyl ketone (MEK), asbestos, red lead, creosote, zinc and coal tar, among others.

8.

**PLAINTIFF**'s exposure to **NACE**'s products listed in paragraph 7 above is a proximate cause of his injuries as defined by the Jones Act.

9.

 **PLAINTIFF** was a resident of Louisiana during this period of exposure to the products upon which **PLAINTIFF'S** claims are based.

10.

**PLAINTIFF** has filed suit within three (3) years of the date of discovering **PLAINTIFF'S** exposure-related condition related cause of action, as required by the Jones Act, 46 U.S.C.A § 30106.

11.

**PLAINTIFF** was diagnosed with Hodgkin B cell lymphoma and chronic lymphocytic leukemia in December of 2022. It is believed his illnesses are a direct result of his exposure to the products listed in paragraph 7 above while employed by **NACE**.


## COUNT ONE – NEGLIGENCE


12.

The injuries to **PLAINTIFF** are due in whole or in part to the negligence of **NACE**, and its associated agents, servants, and employees in one or more of the following particulars singularly or in combination. Throughout the duration of **PLAINTIFF'S** employment as a Jones Act Seaman, **NACE** negligently:

A) Failed to provide a reasonably safe place in which to work and

reasonably safe materials and equipment with which to work;

B) Failed to provide its employees with information as to what would be

reasonably safe and sufficient wearing apparel and proper protective

equipment and appliances, if in truth there were any, including but not

limited to respirators, to protect employees from being harmed and disabled

by exposure to the products listed in paragraph 7 above, and machinery and equipment requiring or calling for the use of said products;

C) Failed to take reasonable precautions or exercise reasonable care to adopt, publish, and enforce a safety plan and safe method of handling of said products, and machinery and equipment requiring or calling for the use of said products, in a safe manner;

D) Failed to timely and adequately warn its employees of the dangerous characteristics and serious health hazards associated with exposure to said products, and machinery and equipment requiring or calling for the use of said products so that employees could have the opportunity to take precautions to avoid such exposure;

E) Failed to comply with all applicable statutory or regulatory standards;

F) Failed to properly test and sample asbestos-containing products, and machinery and equipment incorporating asbestos-containing products, to determine the level of airborne asbestos fibers released into the ambient air during the foreseeable use, installation and removal of those products from said machinery and equipment; and

G) All other acts of negligence as will be shown at trial.

13.

Such negligent acts and omissions, taken separately or together, were a direct and proximate cause of the injuries sustained by **PLAINTIFF** as described in this Petition.

## COUNT TWO- UNSEAWORTHINESS

14.

Pursuant to the General Maritime Law of the United States, **NACE** had an absolute and non-delegable duty to provide the **PLAINTIFF** with a safe place to work and with proper tools and equipment.

15.

**NACE** knew or should have known through, among other things, industry and medical studies, the existence of which were unknown to **PLAINTIFF**, of the health hazards inherent in the products and their gases.

16.

Upon information and belief, the **NACE** vessels **PLAINTIFF** was assigned to and employed on were unseaworthy, and the injuries sustained by **PLAINTIFF** were proximately caused by this unseaworthiness.

## DAMAGES

17.

Under 46 U.S.C. § 30104, the Jones Act, **NACE** is liable unto **PLAINTIFF** for all damages allowed by applicable law, past, present and future, in an amount that is just and reasonable in the premises, with interest thereon as allowed by law, for the following, to-wit:

(a) **PLAINTIFF** has suffered great physical pain and mental anguish and will continue to suffer great pain of body and mind throughout his lifetime;

(b) **PLAINTIFF** has incurred hospital, medical, pharmaceutical and other expenses and will continue to incur such expenses in the future due to the progressively disabling character of his Hodgkins lymphoma and leukemia which he now suffers and will continue to suffer in the future;

(c) **PLAINTIFF** suffers a physical impairment at this time and will continue to suffer this impairment in the future due to the disabling character of Hodgkins lymphoma and leukemia;

(d) **PLAINTIFF** suffers a permanent partial disability at this time and will become permanently and totally disabled in the future due to the progressive character of asbestos-related Hodgkins lymphoma and leukemia;

(e) All other special and general damages as will be shown at the trial of this matter.

18.

**WHEREFORE, PLAINTIFF** prays that **DEFENDANTS**, **the UNITED STATES OF AMERICA on behalf of the UNITED STATES ARMY CORPS of ENGINEERS** be served with a copy of this Complaint and be required to answer the same within the legal delays and after due proceedings had, there be Judgment herein in favor of the Plaintiff, Perry Francis Lartigue, and against the **DEFENDANTS**, **the UNITED STATES OF AMERICA on behalf of the UNITED STATES ARMY CORPS of ENGINEERS** for all damages to which the Plaintiff is entitled to recover, together with legal interest thereon, for payment of all costs and expenses associated with the prosecution of this action; and for all other general and equitable relief.

RESPECTFULLY SUBMITTED BY,

BROUSSARD INJURY LAWYERS

 /s/C. Barrett Rice
CATHERINE BARRETT RICE (#30034)
AARON BROUSSARD (#30134)
321 Veterans Memorial Blvd
Metairie, LA 70005
(504) 576-1650 Telephone
(504) 264-5559 Facsimile
Email:  barrett@broussardfirm.com
            aaron@broussardfirm.com
*Attorneys for Perry Francis Lartigue*

and

THE KNOLL LAW FIRM, LLC

JEROLD EDWARD KNOLL (#2214)
JEROLD EDWARD KNOLL, JR. (#26956)
LAURA BISHOP KNOLL (#33689)
Post Office Box 426
233 South Main Street
Marksville, LA 71351
(318) 253-6200 Telephone
(318) 253-4044 Facsimile
Email: eddie@knolllawfirm.com
            eddiejr@knolllawfirm.com
            laura@knolllawfirm.com

*Co-Counsel for Perry Francis Lartigue*

7