**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**PERRY FRANCIS LARTIGUE**                                    **CIVIL ACTION**

**VERSUS**                                                          **NO. 23-7234**

**UNITED STATES OF AMERICA on behalf of the**          **SECTION: "G"(5)**
**UNITED STATES ARMY CORPS OF ENGINEERS**

<u>**ORDER AND REASONS**</u>

Before the Court is the United States of America on behalf of the United States Army Corps of Engineers' ("the Government") Motion to Stay.[1] The Government requests a stay pending a final determination of Plaintiff Perry Francis Lartigue's ("Plaintiff") claim by the U.S. Department of Labor ("DOL"). Pursuant to Local Rule 7.5, Plaintiff's opposition to the instant motion was to be filed on or before April 9, 2024. To date, Plaintiff has not filed an opposition to the motion. As such, the motion shall be deemed unopposed. This Court has authority to grant a motion as unopposed, although it not required to do so.[2] For the reasons discussed in more detail below, this Court finds that a stay of the proceedings is appropriate. Accordingly, having considered the motion, the memorandum in support, the record, and the applicable law, the Court grants the motion.

## I. Background

Plaintiff was employed as a Jones Act seaman from 1969 until 2006 aboard vessels owned and operated by the United States Army Corps of Engineers in the state of Louisiana and elsewhere

---

[1] Rec. Doc. 7.

[2] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

in the United States.[3] Plaintiff served as a deck hand, bin tender, quarter master, drag tender, rigger, and vessel captain throughout his employment with the Government.[4] Plaintiff alleges that while working upon these vessels owned by the Government, he was exposed on numerous occasions to benzene, methylethyl, ketone, asbestos, red lead, creosote, zinc, and coal tar, among other chemicals.[5] Plaintiff alleges that exposure to said chemicals is a proximate cause of his injuries as defined by the Jones Act.[6] Plaintiff contends that he was a resident of Louisiana during the period of exposure to said chemicals.[7] Plaintiff asserts that he was diagnosed with Hodgkin B Cell Lymphoma and Chronic Lymphocytic Leukemia in December of 2022 as a direct result of his exposure to the aforementioned chemicals.[8]

On December 8, 2023, Plaintiff filed suit against the Government alleging negligence and unseaworthiness.[9] On March 4, 2024, the Government filed the instant motion.[10] The motion was set for submission on April 17, 2024. Plaintiff has not filed an opposition to the motion.

## II. The Government's Arguments in Support of the Motion

The Government asserts that the allegations in the Complaint form a basis for admiralty jurisdiction which may invoke potential waivers of sovereign immunity under the Suits in

---

[3] Rec. Doc. 1 at 2.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.* at 3.

[9] Rec. Doc. 1.

[10] Rec. Doc. 7.

Admiralty Act ("SAA")[11] and the Public Vessels Act ("PVA").[12] The Government contends that while the PVA and SAA waive the Government's sovereign immunity, neither act provides a cause of action against the United States.[13] The Government submits that the United States has waived sovereign immunity for claims that could be brought against a private party, with exemptions and limitations of liability that would be available to a private party also being available to the United States.[14]

The Government argues that this case should be stayed because there is a question of coverage pursuant to the Federal Employees' Compensation Act ("FECA").[15] The Government contends that seamen employed by the Maritime Administration are covered by the Clarification Act[16] and may pursue a claim against the United States only after they have satisfied the administrative claim requirement.[17] The Government avers that the ability of seamen employed by companies that own and operate commercial ships on behalf of the United States depends on the type of charter agreement between the United States and the company.[18] The Government asserts that civilian seamen employed by federal agencies other than the Maritime Administration may have FECA coverage for illnesses and injuries sustained during the course of work, in which case they would not be entitled to pursue claims under the Jones Act or General Maritime Law.[19]

---

[11] 46 U.S.C. §§30901–30918.

[12] 46 U.S.C. §§ 31101–13.

[13] Rec. Doc. 7-1 at 4.

[14] *Id.*

[15] *Id.* at 4.

[16] 50 U.S.C. § 4701.

[17] Rec. Doc. 7-1 at 5.

[18] *Id.* at 6.

[19] *Id.*

The Government argues that Plaintiff was a civilian employee of the Corps when the alleged injuries occurred, and thus, Plaintiff falls within the category of seamen covered by FECA and may not bring claims under the Jones Act or General Maritime Law.[20]

The Government contends that there is a substantial question as to whether Plaintiff's illness is covered by the FECA.[21] The Government asserts that courts have found that there is a substantial question of FECA coverage in similar cases.[22] The Government avers that this matter presents a substantial question of FECA coverage that this Court cannot resolve.[23] The Government argues that this case should be stayed pending the determination of FECA coverage by the Secretary of Labor.[24] The Government contends that since Plaintiff has not submitted a claim to the Office of Workers' Compensation Programs ("OWCP"), a stay is appropriate in order to eliminate the possibility that Plaintiff's claim would be time-barred if the Department of Labor finds no FECA coverage for the alleged injuries after the applicable statute of limitations had run.[25] The Government requests that this case be stayed to give Plaintiff an opportunity to submit his claim to the Department of Labor for adjudication if he so chooses.[26]

### III. Legal Standard

FECA provides compensation for a federal employee's personal injuries "sustained while in the performance of his duty."[27] For injuries within its coverage, FECA's remedy is exclusive of

---

[20] *Id.*

[21] *Id.* at 8.

[22] *Id.*

[23] *Id.* at 9.

[24] *Id.*

[25] *Id.*

[26] *Id.* at 10.

[27] 5 U.S.C. § 8102(a).

any other remedy.[28] Like workers' compensation statutes generally, "[FECA] is intended to serve as a substitute rather than a supplement for the tort suit."[29] FECA vests with the Secretary of Labor the power to "administer, and decide all questions arising under [FECA],"[30] and the Secretary's action in allowing or denying an award under FECA is final and conclusive and not subject to review by a federal court.[31]

Federal courts' jurisdiction with regard to FECA is limited to determining if a substantial question of coverage under FECA exists.[32] A substantial question exists unless it is certain that the Secretary of Labor would find no coverage under FECA.[33] Thus, "[t]o avoid sending the case to the Secretary of Labor, [courts] must essentially decide as a matter of law that, viewing all of the circumstances, the Secretary could not find FECA coverage of [Plaintiff's] claim."[34] A federal court cannot deny the Secretary the opportunity to decide the question of coverage unless the court is "certain that he would find no coverage."[35] Only if a court is certain that the Secretary of Labor would conclude that the employee's injuries do not present a substantial question of coverage under FECA may the court entertain the employee's claim without the employee first submitting the claim to the Secretary of Labor.[36]

---

[28] 5 U.S.C. § 8116(c).

[29] *Bailey v. United States,* 451 F.2d 963, 965 (5th Cir.1971), *receded by White v. United States,* 143 F.3d 232 (5th Cir. 1998).

[30] 5 U.S.C. § 8145.

[31] 5 U.S.C. § 8128(b).

[32] *See Concordia v. United States Postal Serv.,* 581 F.2d 439, 442 (5th Cir. 1978); *Bailey,* 451 F.2d at 967.

[33] *See Concordia,* 581 F.2d at 442.

[34] *Id.*

[35] *Id.* at 443.

[36] *Bailey,* 451 F.2d at 965.

## IV. Analysis

FECA establishes a program of workers' compensation for federal employees which provides a more efficient and less expensive recovery than a tort suit. It was intended as a substitute for, rather than a supplement to, a tort suit. Therefore, it is the exclusive remedy for injuries falling within its coverage.[37] FECA provides in pertinent part that:

> The liability of the United States . . . with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States ... to the employee . . . because of the injury or death in a direct judicial proceeding, in a civil action, or . . . under a Federal tort liability statute.[38]

Thus, it is clear that if FECA provides coverage for the injuries complained of in this suit, the Secretary's award of compensation would bar Plaintiff from bringing this action.[39]

The Court's task here is to determine whether a substantial question of coverage exists. A substantial question of FECA coverage exists unless it is "certain that the Secretary of Labor would find no coverage under FECA."[40] The threshold requirement for determining FECA coverage is that the injuries alleged must be sustained "while in the performance of [the employee's] duty."[41] Only the Secretary of Labor or his designee may determine the scope of the FECA coverage.[42] It

---

[37] *See id.*

[38] 5 U.S.C. § 8116(c).

[39] *Dallas v. United States*, 678 Fed. App'x. 212, 214 (5th Cir. 2017) (FECA is the exclusive remedy available to a civilian vessel captain injured during his employment by the Corps); *see also Johansen v. United States*, 343 U.S. 427, 441 (1952) ("the Federal Employees' Compensation Act is the exclusive remedy for civilian seamen on public vessels.").

[40] *White v. United States*, 143 F.3d 232 at 234 (5th Cir. 1998) (citing *Concordia*, 581 F.2d at 442).

[41] *Id.*

[42] 5 U.S.C. § 8128(b).

is undisputed that Plaintiff's injuries were sustained while in the performance of his duty as an employee of the Government.

The term "injury" under FECA is defined as including "in addition to injury by accident, a disease proximately caused by the employment. . . ."[43] Plaintiff alleges that as a direct result of exposure to certain chemicals during his employment with the Government, he was diagnosed with Hodgkin B Cell Lymphoma and Chronic Lymphocytic Leukemia in December of 2022.[44] As such, Plaintiff's alleged injuries are potentially covered by the FECA.

The Court is unable to conclude that FECA would not compensate Plaintiff for his alleged injuries. For these reasons, the Court finds that a substantial question of FECA coverage exists. If there is a substantial question of FECA coverage, a plaintiff cannot pursue a tort action unless he first obtains a determination from the Secretary that FECA does not apply.[45] As such, the Court finds it appropriate to stay this litigation until the Secretary of the Department of Labor has made a determination regarding FECA coverage.

---

[43] 5 U.S.C. § 8101(5).

[44] Rec. Doc. 1.

[45] *Smith v. Nicholson*, 287 Fed. App'x. 402, 404 (5th Cir. 2008) (citing *Bennett v. Barnett*, 210 F.3d 272, 277 (5th Cir. 2000)).

## V. Conclusion

For the reasons stated herein, the Court finds that a stay of the proceedings pending a determination of Plaintiff's claims by the Department of Labor is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned matter is **STAYED AND ADMINISTRATIVELY CLOSED** pending a determination of Plaintiff's claims by the Department of Labor.

**IT IS FURTHER ORDERED** that the parties shall notify the Court immediately upon a determination of this issue by the appropriate authority.

**NEW ORLEANS, LOUISIANA**, this  14th  day of May, 2024.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**